IN THE UNITED STATES DISTRICT COURT
FOR THE DISRICT OF MAINE

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF THE CELLULAR TELEPHONE ASSIGNED CALL NUMBER **(504) 508-0370** | Case No. 1:23-mj-00167-JCN<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, **Jose G. Rodriguez-Aguilar**, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number **(504) 508-0370**, with listed subscriber **Kyle Lawless Pollar** (the "Target Cell Phone"), whose service provider is **Verizon**, a wireless telephone service provider headquartered at One Verizon Way, Basking Ridge, New Jersey 07920, USA.  The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. This warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definition of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4).  To ensure technical compliance with 18 U.S.C. § 3121-3127, the United States, by and through the United States Attorney's Office for the District of Maine, is submitting, contemporaneously with the Application for a Search Warrant and this Affidavit, an application and certification for an order

authorizing the installation and use of a pen register, and a trap and trace device, on telephone number (504) 508-0370. The requested information will be obtained pursuant to the authority of the warrant issued pursuant to 18 U.S.C. § 2703(c)(1)(A) and Federal Rule of Criminal Procedure 41, as well as the authority of the Order issued pursuant to 18 U.S.C. § 3123.

3. I am a Special Agent with the Federal Bureau of Investigation and have been since June 2022. I am currently assigned to the Boston Division, Bangor Resident Agency, of the FBI. As part of my duties, I investigate crimes involving white collar crimes, violent crimes against children, and various other criminal violations. I received training on the proper investigative techniques for these violations, including the use of surveillance techniques, undercover activities, and the application and execution of arrest and search warrants. I have received training on how to factor cell phone data in the investigative process, including but not limited to requesting location data, cell phone tower data, and search warrants on cell phone data.

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5. Based on the facts set forth in this affidavit, there is probable cause to believe that Kyle Lawless Pollar has violated 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C § 1344 (Bank Fraud), and 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft) ("Target Offenses"). Kyle Lawless Pollar was charged with these crimes on May 18, 2023 and is the subject of an arrest warrant issued on May 18, 2023. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Kyle Lawless Pollar, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.  The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

7.  The United States, including the Federal Bureau of Investigation, is conducting a criminal investigation of Kyle Lawless Pollar regarding possible violations of 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C § 1344 (Bank Fraud), and 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft) ("Target Offenses").

8.  On May 18, 2023, the subject Kyle Lawless Pollar was indicted in the District of Maine. Pursuant to this indictment, an arrest warrant has been issued for Kyle Lawless Pollar. Open-source information and legal process via a grand jury subpoena to Verizon has identified the Target Cell Phone as belonging to Kyle Lawless Pollar. Pollar uses this phone number on bank applications and other forms which are subject to this investigation. The subscriber to 504-508-0370 has been identified as Kyle Lawless Pollar. His listed address from subscriber records is 1832 Shasta View Drive, Justin, Texas 76247. The primary user of the Target Cell Phone is known as Kyle Lawless Pollar. There is probable cause to collect location information for the next 30 days because a federal arrest warrant for Kyle Lawless Pollar has been issued and because his employment likely requires him to be on the road often. Therefore, being able to obtain his location via his cellular device would assist law enforcement in effecting a safe arrest of the subject. Kyle Lawless Pollar has a prior history of a criminal charge for unlicensed carrying of a weapon and has previously absconded court proceedings.

9. In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

10. Based on my training and experience, I know that Verizon can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available.

11. Based on my training and experience, I know that Verizon can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell

4

tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Verizon typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

12. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

13. It is anticipated that the proposed warrant will be issued contemporaneously with a pen register and trap and trace order under 18 U.S.C. § 3123 authorizing the installation and use of a pen register and/or trap and trace device to record, decode, and/or capture certain information identified in Attachment B for each communication to or from the Target Cell Phone, without geographic limit, for a period of thirty (30) days pursuant to 18 U.S.C. § 3123(c)(1)

14. I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon. I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

15. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

16. I further request that the Court order that all papers in support of this application, including the affidavit and search warrant, be sealed until further order of the Court. These documents discuss an ongoing criminal investigation that is neither public nor known to all of the targets of the investigation. Accordingly, there is good cause to seal these documents because their premature disclosure may seriously jeopardize that investigation, including by giving targets an opportunity to destroy or tamper with evidence, change patterns of behavior, notify confederates, and flee from prosecution.

Respectfully submitted,

Jose G. Rodriguez-Aguilar
Special Agent
Federal Bureau of Investigation

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedure

Date: Jun 05 2023

City and state: Bangor, ME

Judge's signature

John C Nivison U.S. Magistrate Judge
Printed name and title

6